Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio




# MEMORANDUM OPINION

No. 04-12-000225-CR

**IN RE** David Cepeda **JONES**

Original Mandamus Proceeding[1]

PER CURIAM

Sitting: Sandee Bryan Marion, Justice
    Steven C. Hilbig, Justice
    Marialyn Barnard, Justice

Delivered and Filed: April 25, 2012

PETITION FOR WRIT OF MANDAMUS DENIED

On April 18, 2012, Relator David Cepeda Jones filed a petition for writ of mandamus complaining that the Honorable Philip Kazen interfered with his Sixth Amendment rights by changing his court appointed counsel without his consent. The record reflects that on April 30, 2010, appointed trial counsel, Rochelle Acevedo, was replaced by appointed counsel Charles Bunk. Because a criminal defendant does not have the right to appointed counsel of choice, we deny the requested relief.

The right of the accused to counsel, both at trial and on appeal, is fundamental. *Gideon v. Wainwright*, 372 U.S. 335, 344 (1963); *Thomas v. State*, 550 S.W.2d 68 (Tex. Crim. App. 1977). Although an indigent defendant does not have the right to appointed counsel of his choice, a trial

---

[1] This proceeding arises out of Cause No. 2009-CR-12902, styled *State of Texas v. David Cepeda Jones*, in the 227th Judicial District Court, Bexar County, Texas, the Honorable Philip Kazen presiding.

court may not arbitrarily remove his appointed counsel that he had "grown to accept" and in which he had gained confidence. *Stearnes v. Clinton*, 780 S.W.2d 216, 225 (Tex. Crim. App. 1989); *Buntion v. Harmon*, 827 S.W.2d 945, 949 (Tex. Crim. App. 1992). When an attorney serves under a valid appointment by the court, an attorney-client relationship has been established and the court may not arbitrarily remove the attorney over the objections of both the defendant and his counsel. *Stearnes*, 780 S.W.2d at 221, 225; *see also Buntion*, 827 S.W.2d at 949. Although Relator has indicated his choice to maintain the relationship with his previous attorney, he has failed to bring forward any evidence that said counsel objected to her replacement. *See Stearnes*, 780 S.W.2d at 221; *Buntion*, 827 S.W.2d at 949.

Accordingly, Relator's petition for writ of mandamus is denied.

PER CURIAM

DO NOT PUBLISH